IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sigmund Diaola James<br>    a/k/a Sig, | )<br>)<br>) | Criminal Case No.: 5:08-944-MBS |
|     Movant, | )<br>) | |
| vs. | )<br>) | |
| | ) | **OPINION AND ORDER** |
| United States of America, | )<br>) | |
|     Respondent. | )<br>) | |

On March 2, 2015, Movant Sigmund Diaola James ("Movant"), a federal inmate proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 1905. The government moved for summary judgment on April 1, 2015. ECF No. 1920. On April 1, 2015, the court issued an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 1926. Movant filed a response in opposition to the government's motion on July 27, 2015. ECF No. 1962. Movant filed additional documents in support of his § 2255 motion on August 10, 2015. ECF No. 1970.

I.     **Factual and Procedural Background**

From 2001 through 2008, Movant was involved in a drug conspiracy to distribute kilogram quantities of cocaine in Richland County and Orangeburg County, South Carolina. ECF No. 1515 at 20. In May 2007, the South Carolina Highway Patrol stopped Movant for speeding. *Id.* at 27. Movant was arrested on an outstanding warrant for failure to pay child support and informed the officers that he had cash in his car. *Id.* The officers conducted an inventory search and recovered $8,000 in the center console. *Id.* Thereafter, agents with the Drug Enforcement

1

Administration ("DEA"); Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and Orangeburg County Sheriff's office began a criminal investigation into Movant's possible involvement with drug trafficking. *Id.* The investigation included, among other things, GPS tracking of Movant's car, wiretaps, controlled purchases, and surveillance. *Id.* Movant was again stopped by South Carolina Highway Patrol on September 8, 2008. ECF No. 1508 at 17. While writing the traffic violation ticket, the officer noticed a rear-facing camera mounted on the truck's tailgate. *Id.* While the officer was writing the ticket, Movant attempted to drive off but crashed into a median, he then attempted to flee on foot. *Id.* The officers observed Movant pull out a white bag from his waistband and discard the substance as he ran. *Id.* The officers apprehended Movant within several hundred yards. *Id.* The officers searched the area Movant and uncovered a bag with a substance that tested positive for cocaine. *Id.*

On September 19, 2008, the grand jury charged Movant and twenty-two co-defendants in a forty-two count indictment. Count 1 charged that Movant knowingly and intentionally combined, conspired, and agreed with others, both known and unknown to the grand jury, to knowingly and intentionally, and unlawfully possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, both Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. Counts 2, 6-10, 12-15, 17, 18-19, 25, 27, 28, 30, and 32-33 charged that Movant knowingly and intentionally used a communication facility, that is, a telephone, to facilitate the commission of a felony under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of cocaine and cocaine base, Schedule II substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, all in violation of 21 U.S.C. 843(b) and 18 U.S.C. § 2. Count 36 charged that Movant knowingly, intentionally, and unlawfully

possessed with intent to distribute and distributed 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count 37 charged that Movant knowingly, intentionally, and unlawfully possessed with intent to distribute and distributed a quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Count 39 charged that Movant knowingly and willfully did combine, conspire, agree together, and have tacit understanding with each other and with various other persons, both known and unknown to the grand jury, to launder drug proceeds, that is, to conduct and attempt to conduct financial transactions and monetary transactions which in fact involved the proceeds of the distribution of controlled substances, a specified unlawful activity, with the intent to promote the carrying on of the aforesaid specific unlawful activity with knowledge that (1) the financial transactions represented the proceeds of some form of unlawful activity; and (2) the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of specific unlawful activity; in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I); all in violation of 18 U.S.C. §§ 1956(h) and 2. Count 41 charged that Movant was a principal and aider and abettor who knowingly, intentionally, and unlawfully possessed with intent to distribute and distributed 500 grams or more of cocaine, a Schedule II controlled substance, within 1,000 feet of a school and playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and 18 U.S.C. § 2. Count 42 charged that Movant was a principal and aider and abettor who knowingly, intentionally, and unlawfully possessed with intent to distribute and distributed 500 grams or more of cocaine, a Schedule II controlled substance, within 1,000 feet of a school and playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and 18 U.S.C. § 2.

On December 15, 2009, a jury found Movant guilty of the charged counts. Attorney Parks Small represented Movant at trial. Prior to sentencing, the United States Probation Office prepared a presentence investigation report. ECF No. 1503. Pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines") § 3D1.2(d), the probation officer grouped counts involving substantially the same harm together to calculate Movant's total offense level. The probation officer determined there were three groups: Group One: Counts 1, 4, 6-10, 12-15, 17-19, 25, 27, 28, 30, 32, 33, 36, and 37; Group Two: Counts 41 and 42; and Group Three: Count 39. ECF No. 1503 at 31. The probation officer calculated Group One "Adjusted Offense Level" at 42; Group Two "Adjusted Office Level" at 43; and Group Three "Adjusted Offense Level" at 45. ECF No. 1503 at 32-34. Under Sentencing Guidelines § 3D1.4, the combined offense level is the highest offense level; however, under Sentencing Guidelines Chapter 5, Application Note 2, when an offense level is higher than 43, it is to be treated as 43. Accordingly, Movant's Total Offense Level was 43. The probation officer calculated Movant's criminal history category as III. *Id.* at 30. Movant's guideline range was calculated at life imprisonment. *Id.* at 37. Movant objected to the entirety of the presentence report. ECF No. 1503-2. However, at the sentencing hearing, Movant limited his objections to the cross-reference contained in paragraphs 62-66, which related to the murder of Vance Davis in 2004.

On August 19, 2010, the court sentenced Movant to a term of imprisonment consisting of life as to Count 1; 48 months each as to Counts 2, 6-10, 12-15, 17-19, 25, 27, 28, 30, and 32, 33; 480 months each as to counts 36 and 41; 240 months each as to Counts 37 and 39; and 960 months as to Count 42, all to run concurrently. ECF No. 1523. The court also imposed a term of supervised release for 8 years, consisting of 5 years as to Count 1; 1 year each as to Counts 2, 6-10, 12-15, 17-19, 25, 27, 28, 30, 32, 33; 4 years as to Count 36; 3 years each as to Counts 37 and

39; 6 years as to Count 41; and 8 years as to Count 42, all to run concurrently and with standard and special conditions to include substance abuse treatment with testing, financial or consumer credit counseling and vocational training. *Id.* Lastly, Movant had to pay a special assessment of $2,500. *Id.*

Movant filed a joint appeal with two of his codefendants, Anthony Sellers ("Sellers") and Alcindo Rochelle Matthews ("Matthews"). Attorney Beattie Ashmore represented Movant on appeal.[1] Movant presented the following grounds for appeal:

   I. Sellers was sentenced to life without parole and that sentence was not proportionate.
   II. Sellers was denied due process in that the court allowed the case agent to present hearsay testimony of a codefendant, Tyrone Blocker, thereby denying Sellers the opportunity to confront and cross examine the witness.
   III. The court should have suppressed for use in evidence: the drugs, the gun, other tangible evidence against Sellers and the statements made by Sellers following his arrest on August 14, 2008.
   IV. The search of [Movant's] truck on May 21, 2007 violated his Fourth Amendment Rights.
   V. The GPS tracking devices installed on [Movant's] vehicle without a warrant violated his Fourth Amendment Rights.
   VI. The government did not make a sufficient showing of the necessity for the wiretaps thus evidence obtained there-from should have been suppressed.
   VII. [Movant's] statement made May 21, 2007 and November 20, 2008 should have been suppressed as there were obtained in violation of the Constitution.
   VIII. At sentencing, it was clear error to find that [Movant] murdered Vance David; that he possessed a firearm and ammunition; and that 90 kilograms of cocaine were attributable to him. The court failed to articulate why it found that the alleged murder was 'relevant conduct' under [United States Sentencing Guidelines] § 1B1.3.
   IX. [Movant's] conviction and sentence for Count 42 is invalid because the jury did not make the required finding of the threshold drug quantity.
   X. [Movant] was sentenced to life and that sentence is not proportionate.

App. No. 10-4701, Appellant Br. 2-3, ECF No. 79. The Fourth Circuit Court of Appeals held: (1) the initial search that uncovered the $8,000 and discovered the rear-facing camera was a valid

---

[1] Attorney Jan Stifling represented Sellers and Attorney Bradley Kirkland represented Matthews.

inventory search and no evidence from the subsequent search of Movant's car was introduced at trial; (2) the attachment of the GPS device to Movant's car violated Movant's Fourth Amendment rights but no GPS data was introduced at trial; (3) even after excluding the GPS information, the "surviving information contained in the application remained sufficient to support a finding of probable cause and necessity required to issue a wiretap"; (4) the court erred in considering the Davis murder as relevant conduct during sentencing; and (5) the life sentence was not disproportionate. *United States v. Sellers*, 512 F. App'x 319 (4th Cir. 2013). The Fourth Circuit lastly stated "[w]e have examined all remaining issues raised by Appellants in their brief and find them to be without merit." *Id.* at 333 n.4.

The Fourth Circuit remanded the case to the court for resentencing. ECF No. 1806. Prior to resentencing the court issued the following text order:

> The within action has been set for sentencing pursuant to remand from the Court of Appeals for the Fourth Circuit. The Fourth Circuit found error in the court's determination that the Davis murder was relevant conduct to the underlying conspiracy. The court therefore improperly "increas[ed] [Movant's] base offense level under the cross-reference provisions." The Fourth Circuit directed the court to resentence [Movant] utilizing the correct offense level calculation. Thus, the court declines to conduct a de novo sentencing and to reconsider its previous rulings as to drug weights, firearms enhancements, denial of acceptance of responsibility, role adjustments, or other matters previously addressed at sentencing.

ECF No. 1815. The United States Probation Office again prepared a presentencing report, removing only the cross-reference. Movant's offense level and criminal history score remained the same. *Compare* ECF No. 1503 at 35, *with* ECF No. 1816 at 35. The court sentenced Movant to the same sentence. *Compare* ECF No. 1523, *with* ECF No. 1821. Movant appealed his sentence to the Fourth Circuit, raising the following issue on appeal: "[d]id the court err in denying [Movant's] request for a *de novo* sentencing after the appellate court remanded directing a resentencing." App. No. 13-4523, App. Br. 5, ECF No. 10. The Fourth Circuit held that the

"mandate rule [] prohibits 'litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raising in the district court." *United States v. James*, 547 F. App'x 237, 238 (4th Cir. 2013). The Fourth Circuit found that Movant waived his objections as he raised the drug weight and firearm enhancement at sentencing but failed to raise them on appeal, and that Movant failed to raise the remaining issues at the first sentencing and on appeal. *Id.*

Movant asserts the following grounds in his § 2255 motion:

**Ground One**: Ineffective Assistance of Counsel

Supporting Facts: Failed to challenge that evidence was insufficient on Counts 17, 36, and 42-Aiding and Abetting; Possession with Intent to Distribute a Quantity of Cocaine Base Within 1,000 Feet of a School, in violation of 21 U.S.C.

At trial, Detective Lance Corporal Mike Laird with the SC Highway Patrol testified that "it was only after these transactions, and their vehicle traveled within 1,000 feet of the Orangeburg Wilkinson High School", that he initiated a traffic stop of defendants Johnson, and Sellers.

**Ground Two**: Ineffective Assistance of Counsel

Supporting Facts: Counsel failed to challenge [Movant's] base offense level computation on the basis that one of Petitioner's prior state conviction was a CLass-C misdemeanor.

At sentencing, counsel failed to object to the court's improper calculation of [Movant's] criminal history score for a Class-C misdemeanor (Failure to Obey Traffic Control Device). The failure resulted in this Petitioner being placed in a Criminal History Category of III instead of II.

**Ground Three**: Abuse of Discretion by the District Court

Supporting Facts: The district court abused its discretion at [Movant's] resentencing, by not allwoing him to object/challenge the court's enhancement on grounds of insufficient evidence for having drugs around an underaged person; eventhough no drug evidence was recovered.

During [Movant's] arrest (at his girlfriend's mother's house) on November 20, 2008, a DEA K-9 drug dog allegedly alerted the presence or previous presence of drugs. Defendant was given a two (2) level enhancement, because his two year old

7

daughter was present on the day the K-9 purportedly alerted to drugs. The house did not belong to this Defendant. And the Court's failure to allow counsel to object to such, at resentencing was an abuse of discretion.

**Ground Four**: Ineffective Assistance of Counsel

<u>Supporting Facts</u>: Counseled failed to object/challenge and address a two-level enhancement imposed for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, pursuant to § 2D1.1(b)(1).

At sentencing [Movant] was erroneously given two (2) points for Possession of a Firearm. Counsel failed to make any objections, and cause [Movant] to waive what would have been a successful challenge - as there was sufficient proof that the firearms didn't belong to [Movant]- and would have put [Movant] in a position to argue for less than a life sentence (18 U.S.C. §3553(a) factors).

**Ground Five**: Whether as a result of the cumulative errors. Defendant was denied the opportunity to argue to the district court, and or on direct appeals, that he should receive a lower sentence less than life under a different Criminal History Category, and or Criminal History points.

<u>Supporting Facts</u>: Trial, Sentencing, and or Appellate Attorney was ineffective when he failed to move to challenge that the evidences was insufficient on counts 17, 36, and 42 Aiding and Abetting, Possession with Intent to Distribute a Quantity of Cocaine Base Within 1,000 Feet of a School in violation of 21 U.S.C. §860; (2) Trial, Sentencing and or Appellate Attorney Failure to Object to [Movant] being place in Criminal History Category III base on a C-Class misdemeanor (Failure to obey traffic control device) which can not be use for enhancement purposes render ineffective assistance of counsel; (3) the district court abuse [her] discretion as by not allowing [Movant] to object/challenge to the courts enhancement on grounds of insufficient evidence for having Around Under age Person; and (4) Trial, Sentencing, and or Appellate Attorney was ineffective when he failed to object/challenge [Movant's] two (2) points enhancement. The above errors argue by [Movant] exert a cumulative effect such as to warrant [Movant] reversal of his conviction and or sentence.

**Ground Six**: Whether the district court abuse its discretion by not allowing [Movant] to raised issues (post-sentencing rehabilitation) that could not have been raised on appeal from the original sentence.

<u>Supporting Facts</u>: [Movant] was remanded back because the erroneous use of a murder cross-reference enhancement. During sentencing the court uses of cross reference to the murder automatically put [Movant] at mandatory life sentence. During [Movant's] first sentencing hearing. [Movant] has know reason to raised issue (because of the cross-reference, and automatic life sentence) that would not have been raised on appeal from original sentence. During [Movant] remanded, the

8

district court refuse to allow [Movant] to raised any objection, and or post sentencing rehabilitation that was not available, or could not have been raised at his first sentencing. The court abuse it discretion by not allowing [Movant] a de novo sentencing but allowed and granted the government new objection, and enhancement (on constructive possession of firearm) that was not considered at [Movant] first sentencing hearing prior to the court of appeals remand.

**Ground Seven**; Whether the district court deny [Movant's] request for a de novo sentencing after the appellate court's remand case back to lower court after court found "significant procedural error in the calculation of his sentence" an which the courts did not reach "the underlying substantive reasonableness of his sentence".

<u>Supporting Facts</u>: It was [Movant's] intention to raise additional arguments about the guideline facts that would influence his guideline range. In particular, he sought to argue that the amount of drugs attributed to him in paragraph 46 of the presentence pursuant to U.S.S.G. § 2D1.1(b)(1) was false, and that he was entitle to acceptance pursuant to U.S.S.G. §3E1.1 and a downward adjustment in the role in the offense under U.S.S.G. 3B1.1(a). The court ruling that all other factual findings and rulings, other than the cross-reference to murder, are the law of the case and, therefore, could not be revisited. This view of the district court was erroneous and prohibited any further action by [Movant] to mitigate his case.

ECF No. 1905 (errors in original).

The government asserts that Movant failed to meet his burden in demonstrating ineffective assistance of counsel, his claims that the court abused its discretion are procedurally barred or procedurally defaulted, and Movant failed to demonstrate cumulative error. ECF No. 1920.

## II. Legal Standards

A federal prisoner in custody may challenge to vacate, set aside, or correct his sentence by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court

must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b). A hearing is not required on a § 2255 motion if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." *Id*.

A. Summary Judgment

Pursuant to Federal Rule of Civil Procedure Rule 56(a) the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether a genuine issue of material fact has been raised, the court must construe all inferences and ambiguities against the Movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id*.

B. Procedural Bar

If the movant has had a full and fair opportunity to raise a constitutional challenge, the prior determination is normally dispositive of a § 2255 motion to vacate. *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J. concurring in part and dissenting in part). "If the claim was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations . . . ." *Id.* It is well settled in the Fourth Circuit that a movant cannot "circumvent a proper ruling . . . on direct appeal by re-raising the same challenge

in a § 2255 motion." *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (citing *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)). "Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal." *United States v. Walker*, 299 F. App'x 273, 276 (4th Cir. 2008) (citing *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004)); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)).

C. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, Movant is required to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "[T]he standard of reasonableness is highly deferential" and the court should refrain from second guessing counsel's performance. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id* at 694. Thus, Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *See id*. at 694.

D. Cumulative Error Doctrine

The cumulative error doctrine affords relief when multiple harmless errors prejudice a defendant to the same degree as an individual reversible error. *United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009). However, the cumulative error analysis "evaluate[s] only [the] effect of matters determined to be error, not [the] cumulative effect of non-errors." *Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) (internal citations omitted). For example, ineffective assistance

of counsel claims must be reviewed individually, not collectively, and only after an error is found may it be considered with other errors. *Id.* at 852-53.

### III. Discussion

A. Ineffective Assistance of Counsel (Ground One, Two, and Four)

1. *Ground One: Failure to Challenge Sufficiency of Evidence*

Movant argues counsel was ineffective for failing to challenge the sufficiency of the evidence for Counts 17, 36, and 42 on appeal.

a. Counts 17 and 36

"[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [court]." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citing *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). Movant's § 2255 motion states the following supporting fact: "'it was only after these transactions, and their vehicle traveled within 1,000 feet of the Orangeburg Wilkinson High School', that [the South Carolina police officer] initiated a traffic stop of defendants Johnson, and Sellers." ECF No. 1905 at 5. In his reply, Movant expands on his argument that the transaction occurred more than 1,000 feet from a school. ECF No. 1962 at 4-6. However, the jury was not required to find Movant's actions occurred within 1,000 feet of a school for Count 17 or 36. ECF No. 1101 at 13-16. Movant provides no supporting facts or argument as to Count 17 or 36. As this is a conclusory allegation, the court grants the government's motion for summary judgment on those counts.

b. Count 42

Movant asserts that the traffic stop occurred within 1,000 feet of the school but no witness testified that the drug transaction took place within 1,000 feet of a school. *Id.* However,

at trial, the government provided numerous pieces of evidence in support of Count 42. First, Exhibit 32a: aerial photo demonstrating all of the Roosevelt Gardens apartment complex is within 1,000 feet of Orangeburg-Wilkinson High School.[2] ECF Nos. 1100 at 9, 1920-1 at 14-15. Second, Exhibits 21e and 21f: recordings of phone calls between Movant and co-defendant Johnson arranging drug deals to occur at Roosevelt Gardens. ECF No. 1518 at 63-65. Co-defendant Johnson testified that he was stopped by the police after leaving Roosevelt Gardens on February 12, 2008, and the entire time he was driving between Roosevelt Gardens and when he was stopped, co-defendant Johnson remained within 1,000 feet of Orangeburg-Wilkinson High school. *See id.* at 65. Third, Special Agent McMillan, who was conducting surveillance of Roosevelt Gardens apartment complex, observed a "silver compact vehicle [containing co-defendant Johnson] pull [] in front of the building that [Movant] was stationed at." ECF No. 1518 at 96. Special Agent McMillan used a map to testify that all the areas that she observed co-defendant Johnson were located within the purple shaded area of the map, denoting a 1,000 foot radius of Orangeburg-Wilkinson High School. *Id.* at 99; *see id.* at 21 (noting the area in purple "represented a thousand feet from the boundary of Orangeburg-Wilkinson High School").

On appeal, counsel challenged the sufficiency of evidence on Count 42, arguing that the "conviction and sentence for Count 42 is invalid because the jury did not make the required finding of the threshold drug quantity." App. No. 10-4701, Appellant Br. 67, ECF No. 79. The Fourth Circuit Court of Appeals rejected this challenge. *Sellers*, 512 F. App'x at 333 n.4 ("We examined all remaining issues raised by the Appellants in their brief and find them to be without merit."). The court finds that counsel's decision to challenge Count 42 on one ground and not

---

[2] According to various witnesses, Movant commonly engaged in drug transactions at Roosevelt Gardens apartment complex. *See e.g.*, ECF No. 1518 at 63-65.

another falls within the wide range of range of professional assistance. Further, Movant was not prejudiced by counsel's decision not to raise the "1,000 feet" argument as there was sufficient evidence presented at trial to find Movant guilty of Count 42. As there is no genuine issue of material fact that counsel was not ineffective in failing to challenge Count 42 on appeal, the court grants the government's motion for summary judgment on Ground One.

2. *Ground Two: Failure to Challenge Criminal History Score*

Sentencing Guidelines § 4A1.1 governs the determination of a defendant's criminal history score. Under § 4A1.1(c) the court is to "[a]dd 1 point for each prior sentence not counted in (a) [term of imprisonment exceeding one year] or (b) [term of imprisonment exceeding 60 days], up to a total of 4 points for this subsection," subject to the limits provided in § 4A1.2. Under § 4A1.2, "convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified." U.S.S.G. § 4A1.2 n.5. Movant objects to the point assigned in paragraph 73 of the presentence report. Movant's prior conviction was for (1) temporary use of vehicle without owner's consent, (2) failure to obey traffic-control device, and (3) driving under influence – 2nd warrant. ECF No. 1816 at 29. As there was a driving under the influence conviction, a point was properly added. Counsel exercised reasonable professional judgment as any argument would have been futile. The court grants the government's motion for summary judgment on Ground Two.

3. *Ground Four: Failure to Challenge Possession of Firearm in Furtherance of Drug Trafficking Crime*

Under Sentencing Guidelines § 2D1.1, an offense level is increased by 2 points for possession of a firearm in furtherance of a drug trafficking crime. The application notes state that this "enhancement should be applied if the weapon was present, unless it is clearly improbable

14

that the weapon was connected with the offense. U.S.S.G. § 2D1.1 n.11(A). The burden rests with a defendant to demonstrate a "connection between [a defendant's] possession of a firearm and his narcotics offense is clearly improbable." *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). At sentencing, Movant's counsel argued that the firearm enhancement should not be added because, of the

> two firearms that were found at the home, one was on a front porch in a toolbox that was not immediately accessible . . . [and] the second gun that was found at the home was behind a locked door that was accessible only by [Movant's] mother-in-law and had a padlock on the outside of the door to which only she had the key.

ECF No. 1594 at 12. The court overruled his objection to the presentencing report. *Id.* at 145. As Counsel objected to the firearm enhancement at sentencing, Counsel acted within reasonable professional bounds. Regardless, Movant was not prejudiced. As noted in the presentence report, the gun enhancement applied to Group 1 and Group 2 but not Group 3. ECF No. 1816 at 31-34. Group 3 had a total adjusted offense level of 45; therefore, it became the Total Offense Level. ECF No. 1816 at 34-35. Even if the court granted Counsel's objected to the exclusion of the gun enhancement, it would not have affected Movant's sentence. The court grants the government's motion for summary judgment on Ground Four, ineffective assistance of counsel.

   B. <u>Procedural Bar (Grounds Three, Six, and Seven)</u>

Movant's Grounds Three, Six, and Seven all argue the court committed error when it declined to conduct resentencing *de novo*. Movant appealed the court's denial of the de novo resentencing. The Fourth Circuit affirmed the court's denial of de novo resentencing on both the grounds raised on appeal and those Movant waived on appeal. Accordingly, Movant is subject to the procedural bar. Movant fails to demonstrate an intervening change in law. Accordingly, the court grants the government's motion for summary judgment on Grounds Three, Six, and Seven.

15

C. Cumulative Errors (Ground Five)

As the court finds that Movant has not demonstrated any error, the cumulative error doctrine does not apply. The court grants the government's motion for summary judgment on Ground Five.

## IV. Conclusion

For the foregoing reasons, the government's motion for summary judgment (ECF No. 1920) is **GRANTED.** Movant's motion to vacate, set aside, or correct his sentence pursuant to § 2255 (ECF No. 1905) is **DENIED**, and the motion is dismissed without an evidentiary hearing. Movant's motion to appoint counsel (ECF No. 1934), motion to hold in abeyance (ECF No. 1980), and motion to proceed (ECF No. 1989) are **DENIED AS MOOT.**

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee* 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Court Judge

August 24, 2017
Columbia, South Carolina